UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN D. GIBLER,

    Plaintiff,                    CIVIL ACTION NO. 10-11173

v.                                  DISTRICT JUDGE ANNA DIGGS TAYLOR
                                      MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits and Supplemental Security Income benefits on January 10, 2007, alleging that he had become disabled and unable to work on October 30, 2006, at age 43, due to coronary artery disease and breathing difficulties. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on May 12, 2008, before Administrative Law Judge (ALJ) Larry Meuwissen. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work that did not expose him to fumes, gases, or other respiratory irritants. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review

is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 45 years old at the time of the administrative hearing (TR 21). He had a seventh grade education, and had been employed during the relevant past as a carpenter and welder (TR 22, 32). As a welder, he did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 50 pounds on a regular basis (TR 22).

Claimant stopped working in October 2006, due to severe left hand pain. Plaintiff did not return to work because his doctors allegedly suggested that he not lift more than five pounds (TR 23). Plaintiff no longer had any problems with his left hand, and he was not taking any pain medications for the hand at the time of the hearing (TR 28). Claimant alleged that he was disabled due to chest pain and shortness of breath upon exertion (TR 29). Plaintiff feared that he would suffer a fatal heart attack if he attempted to return to work (TR 28). Plaintiff had stopped seeking treatment for a benign lung nodule at the time of the hearing (TR 30).

A Vocational Expert, Michelle Ross, classified Plaintiff's past work as medium, semi-skilled activity (TR 33). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 33). If he were capable of light work, however, there were numerous unskilled jobs, identified in the Dictionary of Occupational Titles, that he could perform with minimal vocational adjustment (TR 33). These jobs would not expose

---

[1]The witness opined that, if claimant was required to be absent from work for more than a day a month, all work activity would be precluded (TR 34).

claimant to industrial pollutants, and could be performed even with a five pound weight restriction (TR 34).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of angina, coronary artery disease, and shortness of breath, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's breathing difficulties limited him to work that would not expose him to industrial irritants. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is

supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that the ALJ improperly rejected his credibility concerning his complaints of disabling left hand pain and chronic anxiety. He also argued that the Law Judge erred when he failed to seek updated reports from treating physicians in order to "clear up the issues"[2]. Defendant counters that the ALJ did not unreasonably reject claimant's credibility, and that the Plaintiff failed to corroborate his disability claim with objective clinical evidence demonstrating his inability to perform light work for a continuous period of twelve months.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work. Contrary to Plaintiff's assertion, the medical evidence did not support his allegation of totally disabling chest pain and breathing difficulties.

A review of the medical evidence of record disclosed that Plaintiff's pulmonary problems were related to his smoking. X-rays and a CT scan in October 2006, revealed

---

[2]As correctly pointed out by the Commissioner, an ALJ is not required to re-contact treating physicians merely because he finds that the medical evidence does not support a claimant's allegations. Littepage v. Chater, 134 F.3d 371 (6th Cir. 1988). A treating physician's record do not contain a conflict or ambiguity solely because they do not support a claimant's allegations. Id.

a benign nodule in claimant's left lung, but there were no other abnormalities (TR 185, 217). A spirometry test showed normal lung function (TR 311). The claimant was repeatedly instructed by his doctors to stop smoking, given his respiratory difficulties, but he was unable to comply (TR 295, 303).

While claimant suffered from periodic angina as a result of restricted blood flow to the heart (TR 236-237), treating doctors found no evidence that he had ever suffered from a heart attack (TR 187). Pain medications helped reduce his chest discomfort (TR 244). An echocardiogram in March 2009 showed moderately slow movement in the left ventricle, but there were no sign of stenosis or regurgitation (TR 288). A physical examination by Dr. Taiq Abdelkarim in March 2009, diagnosed coronary artery disease with "stable angina" (TR 306). Dr. Abdelkarim stated that he had a lengthy discussion with Plaintiff about the importance of smoking cessation. The claimant reportedly told the doctor that he was not yet ready to stop smoking (TR 306).

After a soft tissue mass was removed from claimant's left hand in September 2006, he enjoyed normal ranges of motion, strength and sensation (TR 269). Doctors authorized claimant to return to work without limitation, and there were no further reports of treatment for left hand complaints (TR 269). Contrary to Plaintiff's assertion that he suffered from disabling anxiety, there was no medical evidence that he ever sought treatment for the problem.

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant[3], who concluded that the

---

[3]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2010).

claimant could perform a restricted range of light work, despite his episodic chest pain and breathing difficulties (TR 256). Plaintiff testified that he has lost 45 pounds in the last three years (TR 21). Treating sources consistently recorded claimant's weight at between 142 and 160 pounds during the relevant period (TR 218, 227, 244, 289, 294, 300, 302). While Plaintiff claims that he could not return work because his doctors placed him on a five pound weight limitation[4] (TR 23-25), the ALJ correctly noted that there was no evidence in the record that any doctor had placed him under such a restriction (TR 13). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his various impairments were not fully credible.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

---

[4]Plaintiff now claims that he had placed a five pound weight restriction on himself because his left hand remains painful (See p.2 of Plaintiff's Brief in Support of Summary Judgment). The medical evidence demonstrated that claimant's left hand pain has been successfully treated (TR 269).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous light jobs that he could perform with minimal vocational adjustment[5] (TR 33). These routine jobs did not expose the claimant to polluted air environments (TR 33). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

---

[5] Plaintiff's attorney now objects that the Vocational Expert used the phrase "an awful lot of light [work] jobs" when identifying the number of jobs that claimant could still perform (See pp. 9-10 of Plaintiff's Brief in support of Summary Judgment). The attorney, however, made no objection at the time of the hearing, nor did he seek further clarification (TR 33-34). Nevertheless, the Sixth Circuit has held that there is no "magic number" that represents a significant number of jobs in the economy. Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988). The Court noted that the decision on whether a significant number of jobs exist in the economy should be left to the ALJ's common sense. Id. Since Plaintiff does not suffer from numerous non-exertional restrictions that limit him to an extremely narrow range of light work, the ALJ could reasonably equate an "awful lot" of light work jobs in this factual situation to a significant number of jobs.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/Donald A. Scheer
                                                  DONALD A. SCHEER
                                                  UNITED STATES MAGISTRATE JUDGE

DATED: August 31, 2010

_____

**CERTIFICATE OF SERVICE**

I hereby certify on August 31, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 31, 2010: **None.**

                                                  s/Michael E. Lang
                                                  Deputy Clerk to
                                                  Magistrate Judge Donald A. Scheer
                                                  (313) 234-5217